Michael Kind, Esq.
NV Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq.
NV Bar No. 9086
**HAINES & KRIEGER, LLC**
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REGINA M. FLORENCE and WILLIAM E. FLORENCE III, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

2. REGINA M. FLORENCE AND WILLIAM FLORENCE III ("Plaintiffs"), by Plaintiffs' attorneys, bring this class action complaint to challenge the actions of NEW PENN FINANCIAL, LLC ("Defendant") with regard to Defendant's unauthorized and unlawful credit inquiry.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to plaintiffs, or to plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.; Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

9. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA").

10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in Clark County, Nevada as it conducts business there, and Defendant's conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Defendant is registered as a foreign limited-liability company with the Nevada Secretary of State.

## PARTIES

11. Plaintiffs are natural persons who reside in Clark County, Nevada, whose credit report was affected by an unauthorized inquiry. In addition, Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

12. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a loan servicer doing business in Nevada, whose primary address is in Plymouth Meeting, Pennsylvania.

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

13. Defendant is a third party loan servicer, offering debt collection services in various industries.
14. Plaintiffs are informed and believe, and thereon allege, that Defendant acquired Plaintiffs' credit information through an unauthorized inquiry of Plaintiffs' "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

**FACTUAL ALLEGATIONS**

15. At all times relevant, Plaintiffs are individuals residing within the State of Nevada.
16. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendant conducted business in the State of Nevada.
17. Plaintiffs are informed and believe, and thereon allege, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).
18. Sometime prior to 2012, Plaintiffs allegedly incurred financial obligations to the original creditor.
19. On or about March 27, 2012, Plaintiffs filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada.
20. The obligations ("Debt") to the original creditor were scheduled in the Bankruptcy and the original creditor received notice of the Bankruptcy.
21. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.
22. On or about January 24, 2014, Plaintiffs received a Bankruptcy discharge.
23. Defendant did not file any proceedings to declare its Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.
24. Defendant also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiffs' Bankruptcy was pending to pursue the Plaintiffs on any *personal* liability for any of the underlying Debts.
25. Accordingly, the Debt to Defendant was discharged through the Bankruptcy.

26. The Bankruptcy Discharge extinguished any relationship between Plaintiffs and Defendant.

27. Plaintiffs did not conduct any business nor incur any additional financial obligations with Defendant since the date of the discharge of Plaintiffs' Bankruptcy.

28. Upon review of her latest credit report dated October 1, 2015, Plaintiffs discovered that on or about September 4, 2014, Defendant submitted an unauthorized credit report inquiry to TransUnion after the Debt to the original creditor had been discharged.

29. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

30. Defendant's inquiry for Plaintiffs' consumer report information, without Plaintiffs' consent and after the Debt had been discharged in Bankruptcy, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

31. Because Plaintiffs had discharged their debt to Defendant in bankruptcy proceedings, Defendant had no legitimate business need for the information. Therefore, Defendant violated 15 U.S.C. § 1681b by using Plaintiffs' consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

**CLASS ACTION ALLEGATIONS**

32. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated (the "Class").

33. Plaintiffs represent, and is a member of the Class, consisting of:

> All persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an unauthorized consumer credit report inquiry by Defendant after Chapter 13 bankruptcy discharge within the past 5 years.

34. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

35. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiffs and the Class members were damaged thereby.

36. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

38. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries after the accounts of members of the Class have been discharged through Chapter 13 bankruptcy; and

   b. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violations.

39. As a person who suffered an unauthorized consumer credit report inquiry by Defendant on their credit report, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

40. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

41. Plaintiffs has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

42. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

43. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681-1692X (FCRA)**

44. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

46. As a result of each and every negligent violation of the FCRA, Plaintiffs are entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

47. As a result of each and every willful violation of the FCRA, Plaintiffs are entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

### PRAYER FOR RELIEF

Plaintiffs respectfully request the Court grant Plaintiffs and Class members the following relief against Defendant:

- an award of actual damages to Plaintiffs and each Class member, pursuant to 15 U.S.C. § 1681o(a)(1), against Defendant;
- an award of statutory damages of not less than $100 and not more than $1,000.00 to Plaintiffs and each Class member, pursuant to 15 U.S.C. § 1681n(a)(1), against Defendant;
- an award of any such amount as the court may allow for all other class members, against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendant; and
- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

DATED this 29th day of February 2016.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
Michael Kind, Esq.
7854 W. Sahara Avenue
Las Vegas, NV 89117
*Attorneys for Plaintiffs and others similarly situated*